UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| v. | ) | **CASE NO.: 1:18-CV-27-WCL-SLC** |
| | ) | |
| **MICHAEL BLACK** | ) | |

## ORDER

The court notes that a Fed. R. Civ. P. 16 Preliminary Pre Trial Conference has been conducted in this case, and all deadlines up to and including the close of discovery have been established.

The court now sets  July 1, 2019  as the deadline for the filing of dispositive motions.

Further, counsel are instructed to confer and discuss the various forms of Alternative Dispute Resolution ("ADR") including mediation.[1]  If mediation is selected, the parties shall agree upon a mediator and report to the court the identity of the mediator.  In the event counsel cannot agree on a mediator then the court will make the selection. Counsel may review the list of mediators located on the Court's website under *Info/Forms, Mediation/ADR*.

If they have not done so prior to this date, counsel are to deliver to their client, forthwith, a written estimate of the fees and expenses which their client will incur if this cause is fully litigated through trial.  That estimate is also to contain a separate estimate of those fees and expenses reasonably expected to be incurred through an early successful mediation (i.e., a mediation occurring within sixty days of the Rule 16 Preliminary Pretrial Conference).  Counsel shall then certify their compliance with this directive by electronically filing an attorney/client certification[2], prior to the date of the telephonic status and scheduling conference.

This case will be set for further telephonic status and scheduling conference after the expiration of the dispositive motion deadline, and in the event that motions are filed, after said motions have been ruled upon.

<u>All parties shall participate in at least one settlement conference prior to any future telephonic status and scheduling conference</u>.  This conference should be a personal conference, if possible, but may be a telephone conference.  If this is a case in which attorney fees may be assessed as costs, the attention of the parties is directed to **Marek v. Chesny, 105 S.Ct. 3012 (1985)**.  See appendix to Justice Brennan's dissent at pp. 3036-37 for complete listing of cases

---

[3]  The attention of counsel is specifically directed to the Court's ADR Pamphlet (1/96) located on the Court's website, under *Info/Forms, Mediation/ADR.. .*

[2]  The certification form can be found on the Court's website under *Info/Form*s, *Forms*

affected.

    Enter:  January 7, 2019

                                         s/William C. Lee  
                                        William C. Lee, Judge  
                                        United States District Court