05/21/2010  14:47  1??4900153    TR_SPAS    PAGE 05/13

960209

**Name (not your trade name)** Three Rivers Spas

**Employer identification number (EIN)** 5958

## Part 2: Tell us about your deposit schedule and tax liability for this quarter.

If you are unsure about whether you are a monthly schedule depositor or a semiweekly schedule depositor, see Pub. 15 (Circular E), section 11.

**16** State abbreviation: IN ✓ — Write the state abbreviation for the state where you made your deposits OR write "MU" if you made your deposits in multiple states.

**17 Check one:** ☐ Line 10 is less than $2,500. Go to Part 3.

☐ You were a monthly schedule depositor for the entire quarter. Enter your tax liability for each month. Then go to Part 3.

Tax liability: Month 1  3356.30

Month 2  4705.30

Month 3  3823.20

Total liability for quarter  11,884.80  Total must equal line 10.

☐ You were a semiweekly schedule depositor for any part of this quarter. Complete Schedule B (Form 941), Report of Tax Liability for Semiweekly Schedule Depositors, and attach it to Form 941.

## Part 3: Tell us about your business. If a question does NOT apply to your business, leave it blank.

**18** If your business has closed or you stopped paying wages ................................................. ☐ Check here, and enter the final date you paid wages  /  /

**19** If you are a seasonal employer and you do not have to file a return for every quarter of the year ... ☐ Check here.

## Part 4: May we speak with your third-party designee?

Do you want to allow an employee, a paid tax preparer, or another person to discuss this return with the IRS? See the instructions for details.

☐ Yes. Designee's name and phone number _____ ( )

Select a 5-digit Personal Identification Number (PIN) to use when talking to the IRS. ☐☐☐☐☐

☐ No.

## Part 5: Sign here. You MUST complete both pages of Form 941 and SIGN it.

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

X Sign your name here [signature]

Print your name here: Thomas Lino
Print your title here: office mgr

Date 9/9/09    Best daytime phone (260) 489-7727

**Paid preparer's use only** ☐ Check if you are self-employed

Preparer's name _____ Preparer's SSN/PTIN _____
Preparer's signature _____ Date  /  /
Firm's name (or yours if self-employed) _____ EIN _____
Address _____ Phone ( )
City _____ State ___ ZIP ____

Page 2    Form 941 (Rev. 4-2009)

MURRAY DECLARATION    Page 180 of 196

## Form 941 for 2009: Employer's QUARTERLY Federal Tax Return
(Rev. April 2009)  Department of the Treasury — Internal Revenue Service

950109
OMB No. 1545-0029

**(EIN) Employer identification number:** 5 4 — 5 8 _ _ _ _ _

**Name (not your trade name):**

**Trade name (if any):** Three Rivers Spas LLC

**Address:** 9100 Front ST
FT Wayne, IN 46818

**Report for this Quarter of 2009** (Check one.)
- [ ] 1: January, February, March
- [ ] 2: April, May, June
- [x] 3: July, August, September
- [ ] 4: October, November, December

Read the separate instructions before you complete Form 941. Type or print within the boxes.

### Part 1: Answer these questions for this quarter.

1. Number of employees who received wages, tips, or other compensation for the pay period including: Mar. 12 (Quarter 1), June 12 (Quarter 2), Sept. 12 (Quarter 3), Dec. 12 (Quarter 4) ... **1** | 14
2. Wages, tips, and other compensation ... **2** | 63,567.25
3. Income tax withheld from wages, tips, and other compensation ... **3** | 555.08
4. If no wages, tips, and other compensation are subject to social security or Medicare tax ☐ Check and go to line 6.
5. Taxable social security and Medicare wages and tips:

|  | Column 1 |  | Column 2 |
|---|---|---|---|
| 5a Taxable social security wages | 63,567.25 | × .124 = | 7882.34 |
| 5b Taxable social security tips |  | × .124 = |  |
| 5c Taxable Medicare wages & tips | 63,567.25 | × .029 = | 1843.45 |

5d Total social security and Medicare taxes (Column 2, lines 5a + 5b + 5c = line 5d) ... **5d** | 9725.79
6. Total taxes before adjustments (lines 3 + 5d = line 6) ... **6** | 10,280.87

RECEIVED — IRS
MAY 24 2010
MIDWEST AREA
FORT WAYNE IN

7. CURRENT QUARTER'S ADJUSTMENTS, for example, a fractions of cents adjustment. See the instructions.
   - 7a Current quarter's fractions of cents ...
   - 7b Current quarter's sick pay ...
   - 7c Current quarter's adjustments for tips and group-term life insurance ...
   - 7d TOTAL ADJUSTMENTS. Combine all amounts on lines 7a through 7c ... **7d**
8. Total taxes after adjustments. Combine lines 6 and 7d ... **8**
9. Advance earned income credit (EIC) payments made to employees ... **9**
10. Total taxes after adjustment for advance EIC (line 8 − line 9 = line 10) ... **10** | 10,280.87
11. Total deposits for this quarter, including overpayment applied from a prior quarter and overpayment applied from Form 941-X or Form 944-X ...
12a. COBRA premium assistance payments (see instructions) ...
12b. Number of individuals provided COBRA premium assistance reported on line 12a.
13. Add lines 11 and 12a ... **13**
14. Balance due. If line 10 is more than line 13, write the difference here ... **14** | 10,280.87
    For information on how to pay, see the instructions.
15. Overpayment. If line 13 is more than line 10, write the difference here. ☐ Check one ☐ Apply to next return. ☐ Send a refund.

▶ You MUST complete both pages of Form 941 and SIGN it.

For Privacy Act and Paperwork Reduction Act Notice, see the back of the Payment Voucher.    Cat. No. 17001Z    Form 941 (Rev. 4-2009)

TC 59969 (margin)

MURRAY DECLARATION     Page 181 of 196

05/21/2010 14:47 12724900153 TR_SPAS PAGE 07/13

| Name (not your trade name) | Employer Identification number (EIN) |
|---|---|
| | 950209 |

### Part 2: Tell us about your deposit schedule and tax liability for this quarter.

If you are unsure about whether you are a monthly schedule depositor or a semiweekly schedule depositor, see Pub. 15 (Circular E), section 11.

16. Write the state abbreviation for the state where you made your deposits OR write "MU" if you made your deposits in multiple states. **IN**

17. Check one: ☐ Line 10 is less than $2,500. Go to Part 3.

☐ You were a monthly schedule depositor for the entire quarter. Enter your tax liability for each month. Then go to Part 3.

Tax liability: Month 1  **3878.25**

Month 2  **3297.75**

Month 3  **3104.87**

Total liability for quarter  **10,280.87**  Total must equal line 10.

☐ You were a semiweekly schedule depositor for any part of this quarter. Complete Schedule B (Form 941), Report of Tax Liability for Semiweekly Schedule Depositors, and attach it to Form 941.

### Part 3: Tell us about your business. If a question does NOT apply to your business, leave it blank.

18. If your business has closed or you stopped paying wages ........ ☐ Check here, and enter the final date you paid wages __/__/__

19. If you are a seasonal employer and you do not have to file a return for every quarter of the year ........ ☐ Check here.

### Part 4: May we speak with your third-party designee?

Do you want to allow an employee, a paid tax preparer, or another person to discuss this return with the IRS? See the instructions for details.

☐ Yes. Designee's name and phone number _____ ( )

Select a 5-digit Personal Identification Number (PIN) to use when talking to the IRS. ☐☐☐☐☐

☐ No.

### Part 5: Sign here. You MUST complete both pages of Form 941 and SIGN it.

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

X [signature]

Print your name here: **Thomas Line**

Print your title here: **Office MGR**

Date: **1/12/10**

Best daytime phone: **(260) 489-7777**

### Paid preparer's use only

Check if you are self-employed ☐

Preparer's Name: _____ Preparer's SSN/PTIN: _____

Preparer's signature: _____ Date: __/__/__

Firm's name (or yours if self-employed): _____ EIN: _____

Address: _____ Phone: ( )

City: _____ State: ___ ZIP: _____

Page 2

Form 941 (Rev. 4-2009)

MURRAY DECLARATION Page 182 of 196

05/21/2010 14:47    12604900153                TR_SPAS                                    PAGE  08/13

## Form 941 for 2009: Employer's QUARTERLY Federal Tax Return

(Rev. January 2009)   Department of the Treasury — Internal Revenue Service

950109

OMB No. 1545-0029

(EIN) Employer identification number: 5 4 5 8

Name (not your trade name): Three Rivers Spas LLC

Trade name (if any):

Address: 9100 Front ST
City: FT Wayne   State: IN   ZIP code: 46818

**Report for this Quarter of 2009** (Check one.)
- [ ] 1: January, February, March
- [ ] 2: April, May, June
- [ ] 3: July, August, September
- [x] 4: October, November, December

TC 59969

Read the separate instructions before you complete Form 941. Type or print within the boxes.

**Part 1: Answer these questions for this quarter.**

1. Number of employees who received wages, tips, or other compensation for the pay period including: Mar. 12 (Quarter 1), June 12 (Quarter 2), Sept. 12 (Quarter 3), Dec. 12 (Quarter 4) — **1** — 10

2. Wages, tips, and other compensation — **2** — 54904.44

3. Income tax withheld from wages, tips, and other compensation — **3** — 653.08

4. If no wages, tips, and other compensation are subject to social security or Medicare tax. [ ] Check and go to line 6.

5. Taxable social security and Medicare wages and tips:

| | Column 1 | | Column 2 |
|---|---|---|---|
| 5a Taxable social security wages | 54904.44 | × .124 = | 6808.15 |
| 5b Taxable social security tips | | × .124 = | |
| 5c Taxable Medicare wages & tips | 54904.44 | × .029 = | 1592.23 |

5d Total social security and Medicare taxes (Column 2, lines 5a + 5b + 5c = line 5d) — **5d** — 8400.38

6. Total taxes before adjustments (lines 3 + 5d = line 6) — **6** — 9053.46

RECEIVED - IRS
SB/SE COLLECTION
MAY 24 2010
MIDWEST AREA
FT WAYNE, IN

7. CURRENT QUARTER'S ADJUSTMENTS, for example, a fraction of cents adjustment. See the instructions.

7a Current quarter's fractions of cents
7b Current quarter's sick pay
7c Current quarter's adjustments for tips and group-term life insurance

7d TOTAL ADJUSTMENTS. Combine all amounts on lines 7a through 7c — **7d**

8. Total taxes after adjustments. Combine lines 6 and 7d — **8**

9. Advance earned income credit (EIC) payments made to employees — **9**

10. Total taxes after adjustment for advance EIC (line 8 – line 9 = line 10) — **10** — 9053.46

11. Total deposits for this quarter, including overpayment applied from a prior quarter and overpayment applied from Form 941-X or Form 944-X — 6580.00

12a. COBRA premium assistance payments (see instructions)

12b. Number of individuals provided COBRA premium assistance reported on line 12a

13. Add lines 11 and 12a — **13** — 6,580.00

14. Balance due. If line 10 is more than line 13, write the difference here — **14** — 2,473.46
For information on how to pay, see the instructions.

15. Overpayment. If line 13 is more than line 10, write the difference here [ ] Apply to next return. [ ] Send a refund.

▶ You MUST complete both pages of Form 941 and SIGN it.

For Privacy Act and Paperwork Reduction Act Notice, see the back of the Payment Voucher.   Cat. No. 17001Z   Form 941 (Rev. 1-2009)

MURRAY DECLARATION   Page 183 of 196

05/21/2010 14:47 1900153 TR_SPAS PAGE 09/13

950209

Name (not your trade name): Three Rivers Spas

Employer identification number (EIN): 5-4?-?

**Part 2: Tell us about your deposit schedule and tax liability for this quarter.**

16. [IN]

Tax liability: Month 1: 3396.75
Month 2: 2101.82
Month 3: 3554.69
Total liability for quarter: 9053.46

**Part 3: Tell us about your business. If a question does NOT apply to your business, leave it blank.**

**Part 4: May we speak with your third-party designee?**

**Part 5: Sign here. You MUST complete both pages of Form 941 and SIGN it.**

Sign your name here: [signature]
Print your name here: Thomas Line
Print your title here: office MGR
Date: 1/18/10
Best daytime phone: (260) 489-7777

Page 2

Form 941 (Rev. 1-2009)

MURRAY DECLARATION Page 184 of 196

Taxes

**Form 941 for 2010:** Employer's QUARTERLY Federal Tax Return
(Rev. February 2010) — Department of the Treasury — Internal Revenue Service

950110
OMB No. 1545-0029

(EIN) Employer identification number: 5 4 5 8

Name (not your trade name): THREE RIVERS SPAS

Trade name (if any):

Address: 9100 FRONT STREET
City: FORT WAYNE   State: IN   ZIP code: 46818

**Report for this Quarter of 2010** (Check one.)
☒ 1: January, February, March
☐ 2: April, May, June
☐ 3: July, August, September
☐ 4: October, November, December

Read the separate instructions before you complete Form 941. Type or print within the boxes.

**Part 1: Answer these questions for this quarter.**

1. Number of employees who received wages, tips, or other compensation for the pay period including: Mar. 12 (Quarter 1), June 12 (Quarter 2), Sept. 12 (Quarter 3), Dec. 12 (Quarter 4) ... **1** | 7
2. Wages, tips, and other compensation ... **2** | 26010.66
3. Income tax withheld from wages, tips, and other compensation ... **3** | 595.23
4. If no wages, tips, and other compensation are subject to social security or Medicare tax ... ☐ Check and go to line 6.
5. Taxable social security and Medicare wages and tips:

|     | Column 1 |        | Column 2 |
|-----|----------|--------|----------|
| 5a Taxable social security wages | 26010.66 | × .124 = | 3225.32 |
| 5b Taxable social security tips  | 0.00     | × .124 = | 0.00    |
| 5c Taxable Medicare wages & tips | 26010.66 | × .029 = | 754.31  |

5d Total social security and Medicare taxes (Column 2, lines 5a + 5b + 5c = line 5d) ... **5d** | 3979.63
6. Total taxes before adjustments (lines 3 + 5d = line 6) ... **6** | 4574.86
7. CURRENT QUARTER'S ADJUSTMENTS, for example, a fractions of cents adjustment. See the instructions.
   - 7a Current quarter's fractions of cents ... 0.00
   - 7b Current quarter's sick pay ... 0.00
   - 7c Current quarter's adjustments for tips and group-term life insurance ... 0.00

Note: The fractions of cents will calculate after you select a filing status on line 17 on the next page.

7d TOTAL ADJUSTMENTS. Combine all amounts on lines 7a through 7c ... **7d** | 0.00
8. Total taxes after adjustments. Combine lines 6 and 7d ... **8** | 4574.86
9. Advance earned income credit (EIC) payments made to employees ... **9** | 0.00
10. Total taxes after adjustment for advance EIC (line 8 – line 9 = line 10) ... **10** | 4574.86
11. Total deposits for this quarter, including overpayment applied from a prior quarter and overpayment applied from Form 941-X or Form 944-X ... 0.00
12a. COBRA premium assistance payments (see instructions) ... 0.00
12b. Number of individuals provided COBRA premium assistance reported on line 12a ... 0
13. Add lines 11 and 12a ... **13** | 0.00
14. Balance due. If line 10 is more than line 13, write the difference here. For information on how to pay, see the instructions ... **14** | 4574.86
15. Overpayment. If line 13 is more than line 10, write the difference here ... Check one ☐ Apply to next return. ☐ Send a refund.

▶ You MUST complete both pages of Form 941 and SIGN it.

For Privacy Act and Paperwork Reduction Act Notice, see the back of the Payment Voucher. — Cat. No. 17001Z — Form **941** (Rev. 2-2010)

RECEIVED - IRS
SB/SE COLLECTION
NOV 0 8 2010
MIDWEST AREA
FORT WAYNE, IN

TC 599 69

MURRAY DECLARATION    Page 185 of 196

950210

**Name** (not your trade name): THREE RIVERS SPAS
**Employer identification number (EIN):** 5458

### Part 2: Tell us about your deposit schedule and tax liability for this quarter.

If you are unsure about whether you are a monthly schedule depositor or a semiweekly schedule depositor, see *Pub. 15 (Circular E)*, section 11.

16. I N  Write the state abbreviation for the state where you made your deposits OR write "MU" if you made your deposits in *multiple* states.

17. Check one:
    - [ ] Line 10 on this return is less than $2,500 or line 10 on the return for the preceding quarter was less than $2,500, and you did not incur a $100,000 next-day deposit obligation during the current quarter. Go to Part 3.
    - [ ] You were a monthly schedule depositor for the entire quarter. Enter your tax liability for each month. Then go to Part 3.

       Tax liability: Month 1 [ ]
                     Month 2 [ ]
                     Month 3 [ ]
       Total liability for quarter [ ]   Total must equal line 10.

    - [ ] You were a semiweekly schedule depositor for any part of this quarter. Complete *Schedule B (Form 941): Report of Tax Liability for Semiweekly Schedule Depositors*, and attach it to Form 941.

### Part 3: Tell us about your business. If a question does NOT apply to your business, leave it blank.

18. If your business has closed or you stopped paying wages . . . . . . . . . . . . . . [ ] Check here, and enter the final date you paid wages [ ]

19. If you are a seasonal employer and you do not have to file a return for every quarter of the year  [ ] Check here.

### Part 4: May we speak with your third-party designee?

Do you want to allow an employee, a paid tax preparer, or another person to discuss this return with the IRS? See the instructions for details.

[ ] Yes. Designee's name and phone number [ ] [ ]

Select a 5-digit Personal Identification Number (PIN) to use when talking to IRS. [ ][ ][ ][ ][ ]

[ ] No.

### Part 5: Sign here. You MUST complete both pages of Form 941 and SIGN it.

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

X  Sign your name here: *Michael W Black 11-5-2010*   Print your name here: [ ]
                                                       Print your title here: [ ]

Date: 10/14/10   Best daytime phone: (260) 489-7727

**Paid preparer's use only**   Check here if you are entering preparer information [ ]   Check if you are self-employed [ ]

Preparer's Name [ ]           Preparer's SSN/PTIN [ ]
Preparer's Signature [ ]      Date [ ]
Firm's name (or yours if self-employed) [ ]   EIN [ ]
Address [ ]                   Phone [ ]
City [ ]   State [ ]   ZIP code [ ]

Page 2

MURRAY DECLARATION       Page 186 of 196

Taxes

# Form 941 for 2010: Employer's QUARTERLY Federal Tax Return
(Rev. February 2010)    Department of the Treasury — Internal Revenue Service

950110
OMB No. 1545-0029

**(EIN) Employer Identification number:** 5 4 5 8

**Name (not your trade name):** THREE RIVERS SPAS

**Trade name (if any):**

**Address:** 9100 FRONT STREET
**City:** FORT WAYNE   **State:** IN   **ZIP code:** 46818

**Report for this Quarter of 2010** (Check one.)
- [ ] 1: January, February, March
- [x] 2: April, May, June
- [ ] 3: July, August, September
- [ ] 4: October, November, December

Read the separate instructions before you complete Form 941. Type or print within the boxes.

TC 599 69

## Part 1: Answer these questions for this quarter.

1. Number of employees who received wages, tips, or other compensation for the pay period including: Mar. 12 (Quarter 1), June 12 (Quarter 2), Sept. 12 (Quarter 3), Dec. 12 (Quarter 4) ... **1** 0
2. Wages, tips, and other compensation ... **2** 29979.13
3. Income tax withheld from wages, tips, and other compensation ... **3** 640.17
4. If no wages, tips, and other compensation are subject to social security or Medicare tax ... [ ] Check and go to line 6.
5. Taxable social security and Medicare wages and tips:

|   | Column 1 |   | Column 2 |
|---|---|---|---|
| 5a Taxable social security wages | 29979.13 | × .124 = | 3717.41 |
| 5b Taxable social security tips | 0.00 | × .124 = | 0.00 |
| 5c Taxable Medicare wages & tips | 29979.13 | × .029 = | 869.39 |

5d Total social security and Medicare taxes (Column 2, lines 5a + 5b + 5c = line 5d) ... **5d** 4586.80
6. Total taxes before adjustments (lines 3 + 5d = line 6) ... **6** 5226.97
7. CURRENT QUARTER'S ADJUSTMENTS, for example, a fractions of cents adjustment. See the instructions.

RECEIVED - IRS
S3/SE COLLECTION
NOV 0 8 2010
MIDWEST AREA
FORT WAYNE, IN

7a Current quarter's fractions of cents ... 0.00
7b Current quarter's sick pay ... 0.00
7c Current quarter's adjustments for tips and group-term life insurance ... 0.00

Note: The fractions of cents will calculate after you select a filing status on line 17 on the next page.

7d TOTAL ADJUSTMENTS. Combine all amounts on lines 7a through 7c ... **7d** 0.00
8. Total taxes after adjustments. Combine lines 6 and 7d ... **8** 5226.97
9. Advance earned income credit (EIC) payments made to employees ... **9** 0.00
10. Total taxes after adjustment for advance EIC (line 8 - line 9 = line 10) ... **10** 5226.97
11. Total deposits for this quarter, including overpayment applied from a prior quarter and overpayment applied from Form 941-X or Form 944-X ... 0.00
12a. COBRA premium assistance payments (see instructions) ... 0.00
12b. Number of individuals provided COBRA premium assistance reported on line 12a ... 0
13. Add lines 11 and 12a ... **13** 0.00
14. Balance due. If line 10 is more than line 13, write the difference here. For information on how to pay, see the instructions ... **14** 5226.97

[ ] Apply to next return.

15. Overpayment. If line 13 is more than line 10, write the difference here    Check one [ ] Send a refund.

▶ You MUST complete both pages of Form 941 and SIGN it.

MURRAY DECLARATION    Page 187 of 196

| Name (not your trade name) | Employer identification number (EIN) |
|---|---|
| THREE RIVERS SPAS | 5458 |

950210

## Part 2: Tell us about your deposit schedule and tax liability for this quarter.

If you are unsure about whether you are a monthly schedule depositor or a semiweekly schedule depositor, see *Pub. 15 (Circular E)*, section 11.

16 ☐☐ Write the state abbreviation for the state where you made your deposits OR write "MU" if you made your deposits in *multiple* states.

17 Check one: ☐ Line 10 on this return is less than $2,500 or line 10 on the return for the preceding quarter was less than $2,500, and you did not incur a $100,000 next-day deposit obligation during the current quarter. Go to Part 3.

☐ You were a monthly schedule depositor for the entire quarter. Enter your tax liability for each month. Then go to Part 3.

Tax liability: Month 1 ☐

Month 2 ☐

Month 3 ☐

Total liability for quarter ☐   Total must equal line 10.

☐ You were a semiweekly schedule depositor for any part of this quarter. Complete *Schedule B (Form 941): Report of Tax Liability for Semiweekly Schedule Depositors*, and attach it to Form 941.

## Part 3: Tell us about your business. If a question does NOT apply to your business, leave it blank.

18 If your business has closed or you stopped paying wages . . . . . . . . . . . ☒ Check here, and enter the final date you paid wages  5-31-2010

19 If you are a seasonal employer and you do not have to file a return for every quarter of the year  ☐ Check here.

## Part 4: May we speak with your third-party designee?

Do you want to allow an employee, a paid tax preparer, or another person to discuss this return with the IRS? See the instructions for details.

☐ Yes. Designee's name and phone number ☐

Select a 5-digit Personal Identification Number (PIN) to use when talking to IRS. ☐☐☐☐☐

☐ No.

## Part 5: Sign here. You MUST complete both pages of Form 941 and SIGN it.

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

X Sign your name here  *Michael W Black 11-5-2010*

Print your name here ☐
Print your title here ☐

Date  10/14/10

Best daytime phone  (260) 489-7727

Paid preparer's use only   Check here if you are entering preparer information ☐   Check if you are self-employed ☐

| Preparer's Name | | Preparer's SSN/PTIN | |
| Preparer's Signature | | Date | |
| Firm's name (or yours if self-employed) | | EIN | |
| Address | | Phone | |
| City | | State | | ZIP code | |

Page 2

Form 941 (Rev. 2-2010)

MURRAY DECLARATION   Page 188 of 196

# Report of Interview with Individual Relative to Trust Fund Recovery Penalty or Personal Liability for Excise Taxes

**Instructions:** The interviewer **must** prepare this form either in person or via telephone. **Do not** leave any information blank. Enter "N/A" if an item is not applicable.

**Interview Handouts** ("X" if given or explain why not in case history.)
- [X] Notice 609, Privacy Act Notice
- [X] Notice 784, Could You be Personally Liable for Certain Unpaid Federal Taxes?

**Type of Interview** ("x" one.)
- [X] IRC 6672, Failure to collect and pay over tax from (mmddyyyy) 01/01/2009 to 06/30/2010
- [ ] IRC 4103, Failure to pay excise taxes from (mmddyyyy) ___ to ___

## Section I. Background Information for Person Interviewed

1. **Name:** Michael W Black
2. **Social Security Number (SSN):** [REDACTED]-8890
3. **Address:** 9010 Olmston Ct, Fort Wayne IN 46825
4. **Home telephone number:** (260) 497-7940
5. **Work telephone number:** none
6. **What was your job title and how were you associated with the business?** In 2009-2010 I'm the investor and I consulted and did sales. I've never been an employee.
7. **Did you resign from your position?** [X] No [ ] Yes — I just closed the door.
   a. When? ___
   b. Is a copy available? [ ] Yes [ ] No
   c. To whom was it submitted? ___
8. **Do/Did you have any money invested in the business?** [X] Yes [ ] No — Approx $300,000+
9. **If you were listed on the company's bank signature cards, did you have your name removed from them?** [ ] N/A [X] No [ ] Yes When? ___
10. **Were financial statements prepared for the business?** [X] Yes [ ] No — If yes, who reviewed them and where are the statements located? Tom Line reviewed. They are on the computer.
11. **Have you ever been involved in another business that had tax problems?** [X] Yes [ ] No — Paragon Industrial Supply — maybe 2 years ago

## Section II. Background Information for Business Entity
(Complete shaded items only if this is the first Form 4180 secured on the business entity.)

1. **Name of Business and Employer Identification Number (EIN):** Three Rivers Spas LLC  [REDACTED]5458
2. **Business telephone number:** none
3. **Address:** 9100 Front St, Fort Wayne IN 46818
4. **Has the business ever filed bankruptcy?** [X] No [ ] Yes — Date Filed: ___ Chapter: ___ Petition #: ___
5. **Type of Entity:**
   - [ ] Partnership
   - [ ] Corporation
   - [ ] Sole Proprietor
   - Date incorporated: ___
   - State where incorporated: ___
   - Has the state ever revoked the charter? [ ] No [ ] Yes When? ___
   - [X] Limited Liability Company (LLC)
   - How is the LLC treated for tax purposes?
     - [X] Disregarded Entity
     - [ ] Taxed as a Partnership
     - [ ] Taxed as a Corporation
   - Has the LLC made any recent election for reclassification? [ ] Yes If Yes, explain ___ [X] No
6. **Is the business still operating?** [ ] Yes [X] No — When did it stop operating? May 2010. What happened to the assets? Being sold to satisfy Tower Bank.
7. **Was any property of the business sold, transferred, quit-claimed, donated, or otherwise disposed of, for less than full value?** [X] No [ ] Yes (Provide explanation.)
8. **Which banks or financial institutions did the business use for transactions such as checking, savings, loans, financing agreements, etc.?**

| Name | Address | Types of Transactions | Dates |
|---|---|---|---|
| Tower Bank | | checking, loans | a long time but I'm not sure. |

Form 4180 (Rev. 7-2007)  Page 1 of 4  www.irs.gov  Department of the Treasury – Internal Revenue Service
Catalog No. 22710P

Section II. — continued     Background Information for Business Entity

9. Please list corporate positions below, identifying the persons who occupied them and their dates of service.

| Position (e.g. President, Director) | Name | Address | Dates |
|---|---|---|---|
| 100% owner Member | Me | | 2005 – present |
| | | | |
| | | | |

10. Does the business use the Electronic Federal Tax Payment System *(EFTPS)* to make Federal Tax Deposits *(FTDs)* or payments? ☒ No ☐ Yes

To whom are the PINs or passwords assigned?

Who authorized the assignment of EFTPS PINs/passwords? *(If more than one, list dates.)*

11. Other than the EFTPS, does the business do any other banking electronically? ☒ No ☐ Yes Where? _____

To whom are the PINs/passwords assigned?

Who authorizes changes to the PINs/passwords?

12. Does the business file Form 941 electronically? ☒ No ☐ Yes Who is authorized to sign Form 941?

13. Does/did the business ever use a Payroll Service Provider (PSP) or Professional Employer Organization (PEO) for making deposits and/or file returns?
☐ No ☒ Yes If yes, identify the PSP or PEO. It's been more than a couple years ago.
Who signed the contract? I don't know.

Section III.     Responsibility

1. Please state whether you performed any of the duties / functions listed below for the business and the time periods during which you performed these duties. Please also provide the names and time periods that any other person performed these duties.

| Did you... | Yes | No | Dates From | Dates To | Who else performed this duty? | Dates From | Dates To |
|---|---|---|---|---|---|---|---|
| a. Determine financial policy for the business? *I had the final say.* | ☒ | ☐ | 2005 | present | Tom Line | 2005 | present |
| b. Direct or authorize payments of bills/creditors? | ☐ | ☒ | n/a | n/a | Tom Line | 2005 | present |
| c. Open or close bank accounts for the business? | ☒ | ☐ | Tower Bank 2005 | present | Tom Line | 2005 | present |
| d. Guarantee or co-sign loans? | ☒ | ☐ | 2005 | present | nobody | | |
| e. Sign or counter-sign checks? | ☐ | ☒ | n/a | n/a | Tom Line | 2005 | present |
| f. Authorize payroll? | ☐ | ☒ | " | " | Tom Line | 2005 | present |
| g. Authorize or make Federal Tax Deposits? | ☐ | ☒ | " | " | Tom Line | 2005 | present |
| h. Prepare, review, sign, transmit payroll tax returns? | ☐ | ☒ | " | " | Tom Line | 2005 | present |
| i. Hire/Fire? *Tom Line & Paul Wybo* | ☒ | ☐ | | | | | |

Form **4180** (Rev. 7-2007)     Page 2 of 4     www.irs.gov     Department of the Treasury – Internal Revenue Service
Cat. No. 22710P

MURRAY DECLARATION     Page 190 of 196

## Section IV. Knowledge / Willfulness

**1. When and how did you first become aware of the delinquent taxes?** I can remember we owed $40,000 and were expecting money from a Holland customer. Not terribly long ago - Tom said we're broke can you get more money?

**2. What actions did you take to see that the taxes were paid?** none

**3. Were discussions ever held by stockholders, officers, or other interested parties regarding nonpayment of the taxes?**
☐ No  ☒ Yes  Tom Line would tell me when we needed money to pay the taxes.
Identify who attended, dates, any decisions reached, and whether any documentation is available.
Had to move money around a lot trying to keep afloat.

**4. Who handled IRS contacts such as phone calls, correspondence, or visits by IRS personnel?** Tom Line
Tom Line  unaware of any
When did these contacts take place, and what were the results of these contacts?
Tom Line made arrangements to make payment plan but then Tower Bank called the note + froze the acc.

**5. During the time the delinquent taxes were increasing, or at any time thereafter, were any financial obligations of the business paid?**
☐ No  ☒ Yes  Which obligations were paid? some utilities, payroll, suppliers.
Who authorized them to be paid? Tom Line

**6. Were all or a portion of the payrolls met?**
☐ No  ☒ Yes

**7. Did any person or organization provide funds to pay net corporate payroll?**
☒ No  ☐ Yes (Explain in detail)

**8. Other than those previously listed, please provide the name, address, and telephone number of anyone else who may have additional knowledge about or control over the company's financial affairs.**

| Name | Address | Telephone Number |
|------|---------|------------------|
| none |  | ( ) |
|  |  | ( ) |
|  |  | ( ) |

## Section V. Personal Liability for Excise Tax Cases
(Complete only if Business is required to file Excise Tax Returns)

**1. Are you aware of any required excise tax returns which have not been filed?**
☐ No  ☐ Yes (List periods)   N/A

**2. With respect to excise taxes, were the patrons or customers informed that the tax was included in the sales price?**
☐ No  ☐ Yes

**3. If the liability is one of the "collected" taxes (transportation of persons or property and communications), was the tax collected?**
☐ No  ☐ Yes

**4. Were you aware, during the period tax accrued, that the law required collection of the tax?**
☐ No  ☐ Yes

## Section VI. Signatures

I declare that I have examined the information given in this interview and to the best of my knowledge and belief, it is true, correct, and complete.

Signature of person interviewed: X /s/ Michael W. Black  Date: X 11-23-2010
Signature of Interviewer: /s/ Jean M. Roth  Date: 11-23-2010
Date copy of completed interview form given to person interviewed ▶ 11-23-2010

Form 4180 (Rev. 7-2007)  Page 3 of 4  www.irs.gov  Department of the Treasury – Internal Revenue Service
Catalog No. 22710P

MURRAY DECLARATION      Page 191 of 196

**Additional Information**

Tom Line ran the business on the accounting side and Paul Wybo ran the business on the production and sales side. This has been since we began business 4 plus years. Neither of them have invested in the business. Paul Wybo wouldn't have any knowledge of any tax liability, he wouldn't have had anything to do with that.

Tom Line was hired with the responsibility to take care of finances but it wasn't his fault in any fashion because we ran out of money. He didn't choose not to pay taxes, he couldn't pay the taxes. If we got into trouble he'd come to me to get more money, but I ran out of money.

Form 4180 (Rev. 7-2007)     Page 4 of 4     www.irs.gov     Department of the Treasury – Internal Revenue Service
Catalog No. 22710P     GPO U.S. GOVERNMENT PRINTING OFFICE: 2008—747–134

MURRAY DECLARATION     Page 192 of 196

**FORMAL WRITTEN PROTEST**

RECEIVED – IRS
SB/SE COLLECTION

MAR 11 2011

MIDWEST AREA
FORT WAYNE, IN

This Protest is being submitted in Duplicate on behalf of:

Mr. Michael W. Black  SSN: ###-##-8890
9010 Olmston Drive
Fort Wayne, IN 46825

This protest is being filed in compliance with Internal Revenue Manual 5.7.6.1.5 (04-13-2006) as a result of the above named taxpayer being issued an 1153 Letter dated January 20, 2011. (copy attached) In accordance with the above cited IRM section, the taxpayer herein formally requests a face to face conference to rebut the assertion that he is a responsible party under Code Section 6672 for the following tax periods and tax liability stemming from tax assessments against Three Rivers Spas, Inc. LLC  E.I.N. ##-###5458 for these periods:

Form 941 03/31/2007
Form 941 06/30/2007
Form 941 09/30/2008
Form 941 12/31/2008
Form 941 06/30/2009
Form 941 09/30/2009
Form 941 12/31/2009
Form 941 03/31/2010
Form 941 06/30/2010

The taxpayer raises the following affirmative issues to support the fact that he is not a responsible party. First, the taxpayer argues that the Internal Revenue Service has failed to meet the burden that he was indeed **responsible** for the collection of said trust fund taxes and secondly the Service has failed to substantiate any **willfulness** on the part of this taxpayer relative to the failure for the collection and subsequent payment of same said trust fund taxes.

As to the issue of **responsibility**, Mr. Michael Black is indeed an officer of Three Rivers Spas, Inc., LLC. In fact, Mr. Black is the sole owner of Three Rivers Spas, Inc. which is a disregarded entity. Mr. Black is the only person who has any money invested in this Corporation. This, however, is just about his only involvement with Three Rivers Spas, Inc. He hired an in-house controller and he hired a management person to over-see the sales and production side of the business. Mr. Black was the person these two would come to in the event they had a need for additional capital. Mr. Black would review income projections and production reports, but he did not handle the day to day operations. Mr. Black did not take a pay check from this operation.

Mr. Thomas Line was in charge of the handling of the financial affairs of the corporation. Mr. Paul Wybo was the person in charge of sales and production. These two were the day to day, on-site individuals in charge of the business. To that end, Mr. Paul Wybo had no involvement with the financial aspect or financial reporting of the day to day operations. Mr. Wybo was the production supervisor first and foremost. Mr. Black's involvement as to the determination of the financial policy of the business was to arrange additional financing when needed as needed. Additionally, Mr. Black was the person in charge of growing the business. He was the person who would seek out floor planning and trying to set up dealers to carry their merchandise. Mr. Line would let him know if they were facing a cash short-fall and he would either invest more money personally or negotiate with the bank for an increase in working capital. Mr. Black has a history of starting businesses and making considerable sums of money in the process. Mr. Black would review sales projections and production quotas with Mr. Wybo. Mr. Black would get involved when the need for additional funds would be brought to his attention. He would then analyze the root cause for the short-fall of capital. Where there too many over-age accounts receivable or were we expanding production capacity? He would then offer his input on these

MURRAY DECLARATION        Page 193 of 196

matters. Where he was the final authority was whether or not he would advance any additional funds to the corporation.

Mr. Black had signature authority but the signing of checks by Mr. Black would have been perfunctory at best. Mr. Black did not sign or counter sign checks for this business. Mr. Line was the person hired to handle, control and account for the financial aspects of the business. In the Form 4180 Interview, Mr. Black expressly told the Revenue Officer he does not direct or authorize payments. Mr. Black had absolutely no day to day contact with the financial dealings of the corporation and had nothing to do with the payroll. Mr. Black did not prepare, sign or file any of the payroll returns. Mr. Black does not have a working knowledge of these areas. Mr. Line may decide to discuss some matter with Mr. Black, but Mr. Black did not interfere with the normal day-today financial aspects of this business. In the 4180 interview, dated 11/23/2010, Mr. Black stated he had only known about the tax liability for a short time. In fact, he thought the whole matter would clear itself up with the receipt of funds from a customer. In late 2009, Mr. Line told Mr. Black the Corporation was having this problem with the payroll. This means that Mr. Black wasn't even aware there was a concern until late in 2009 or the first part of 2010. There is no content within the Form 4180 that explains to what extent or in what detail Mr. Black was told about this matter, except to say that Mr. Line told him about a liability. A "responsible person" is one who has the power to control the decision-making process by which the employer-corporation allocates funds to other creditors in preference to its withholding tax obligations. The Service has absolutely no facts upon which to rely to make the assertion that Mr. Black meets the definition of a **responsible party**. The critical inquiry is whether a person had a duty to oversee, manage, or administer the financial affairs of the company, specifically with reference to the paying of creditors and taxes. This was not Mr. Black's area of expertise or job duty. Clearly, Mr. Line was the person charged with the duty and the sole authority to determine the financial policies for the corporation. Mr. Black did possess the requisite significant authority as to the general management and fiscal decision making of the corporation; this was his money and he was the investor. But he did not possess the requisite knowledge as to the dispersion of the funds.

As to the issue of **willfulness**, Mr. Black was not in the position to determine the financial matters of the corporation. One of the most obligatory misconceptions the Service renders in these matters is that the corporation-employer had the entire gross payroll available in the bank and yet made the decision to not make full payment of the taxes. The corporation-employer was barely making net payroll and then trying to stave off other creditors including their bank and major suppliers. To that very end, you will see that in some of the periods involved, the corporation made some deposits but not the entire required amount. Again this was Mr. Line's area of expertise and this was his job. The Government has failed to show that Mr. Black had the requisite authority and control to make a voluntary, conscious, and intentional decision to prefer some creditors over the Federal Government. The truth of the matter is they just ran out of money. Mr. Black could not personally come up with any additional funds and the bank had called their loan. Essentially, the bank forced the closing of this business. As to the issue of the underpaid and unpaid tax obligations, Mr. Black had to rely upon Mr. Line's knowledge of this matter and his past history of dealing with this matter. Mr. Black's function was to bring the dollars into the corporation. Mr. Line's was to take care of the financial dispersion of those dollars. When the corporation ran out of dollars, Mr. Black was the person who had lost the money. Mr. Black was the person who was forced to close the doors on the business. Three Rivers Spas, Inc still owes the bank, the Internal Revenue Service and Mr. Black.

It must also be pointed out that during the period 2006 through 2009, Mr. Black was under-going some major and repetitive health issues. He was hospitalized for an extended period during 2008 and 2009 with cardiac issues and failing kidney issues. Given his extended periods of absence from the actual business operations, it seems most unlikely that Mr. Black was in a position to handle the day to day financial operations of this business or to have acted willfully in failing to remit the trust funds.

In order to establish an individuals liability under Section 6672 the government must prove two elements: that the individual was a responsible person and that he or she acted willfully in failing to remit trust funds. Cline v. United States, 997 F.2d 191 (6th Cir. 1993).

The question of willfulness is one of fact. Kalb v. United States, 505 F2d. 506 (2d Cir. 1974)

The court in Settler v. United States, 1998-1 USTC 50, 136, stated that the crucial inquiry is whether the person, had the "effective power to pay the taxes", that is whether he had the actual authority or ability to pay the taxes owed. Given Mr. Black wasn't even aware of the situation until late 2009 at the very earliest, he could not possibly even have weighed in on the conversation until that point.

In the case of Farber v. United States, 1998-1 USTC 50, 318, the court found that the taxpayer did not actively direct the timing, amount, or choice of payment of creditors or otherwise routinely engage in the management decisions regarding disbursal of funds-even though he had the authority to do those acts, he was a 50% shareholder, an officer and director, and had signatory on the bank account. The court noted that the issue is whether the taxpayer "had the effective power or authority to pay the taxes." The taxpayer signed checks but only after directed to sign by another person. This is the same situation Mr. Black was in with Three Rivers Spas, Inc.

Where there was no actual authority over the fiscal policies, the courts have concluded that the taxpayer was not a responsible person within the meaning of Section 6672. See U.S. v. Smilen 12 AFTR 2d 6150, to the same effect, see In re Costarides 67 AFTR 2d 91-1122, Where the taxpayer had only limited authority and didn't control corporation's financial process; see Heimark v. U.S. 64 AFTR 2d 89-5389. Where taxpayer was responsible for bidding on jobs and performing work, but didn't control the financial affairs, although he did have signatory authority another person decided which creditors to pay. Taxpayer was not a responsible person, see DiStasio v. U.S. 66AFTR 2d 90-5904. In Hughes 69 AFTR 2d 92-950, penalty was not imposed on a corporate officer, who wasn't involved in daily operations, didn't sign tax returns, and had no control over disbursements. Having no control over payments, he couldn't willfully fail to remit withheld taxes.

In Godfrey, Jr. v. U.S. 55 AFTR 2d 85-409, the 100% penalty was not imposed upon the corporate chairman. The chairman had significant role in financial and other management duties, but he didn't control the collection, accounting for, and payment of the taxes. Knowledge of past, but eliminated, delinquencies alone didn't establish willful failure to pay taxes.

In Brahm v. U.S. 57 AFTR 2d 86-614, penalty was not imposed upon the president and 50 % shareholder of the corporation. Although she worked part-time in sales and signed some checks, she never made major business decisions and wasn't responsible for payment of payroll taxes. She didn't become aware of tax obligation until well after business ceased operations.

In Cross v. U.S. 61 AFTR 2d 88-377, a third officer wasn't a responsible party, although he signed checks and prepared returns, his duties were "mechanical".

In Jay W. Snyder v. U.S. 79 AFTR 2d 97-801, Taxpayer wasn't a responsible person because his older brother, sole shareholder, and director, made all the monetary decisions. IRS could not prove willfulness where there was no evidence taxpayer knew the taxes weren't being paid.

In U.S. v. Lumetta, 31 AFTR 2d 73-1067, Penalty not imposed upon corporate vice president who co-signed checks but didn't sign tax returns. He lacked general fiscal control.

Under penalties of perjury, I declare that I have examined the facts presented in this statement and any accompanying information, and, to the best of my knowledge and belief, they are true, correct, and complete.

Sincerely,

*[signature]*
Mr. Michael W. Black

Respectfully Submitted
*[signature]* 3/11/2011
Jon Brian Kosteck, E.A., member
J.B. Kosteck and Associates, LLC

Signed and Submitted to the Internal Revenue Service this the 11th Day of March, 2011

MURRAY DECLARATION     Page 196 of 196